**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIEGO FERNANDO CALERO PAREDES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J. L. JAMISON, Warden, Federal Detention** | : | |
| **Center, Philadelphia, JOHN E. RIFE, Acting** | : | |
| **Field Office Director, Immigration and** | : | |
| **Customs Enforcement and Removal** | : | |
| **Operations, Philadelphia Field Office,** | : | |
| **MARKWAYNE MULLIN, Secretary of the** | : | |
| **Department of Homeland Security, TODD** | : | |
| **BLANCHE, Acting U.S. Attorney General, U.S.** | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **EXECUTIVE OFFICE FOR IMMIGRATION** | : | |
| **REVIEW** | : | **NO. 26-5559** |

## ORDER

**NOW**, this 7th day of August, 2026, upon consideration of petitioner Diego Fernando Calero Paredes's Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1.    Calero Paredes is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.    The government shall release Calero Paredes from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.**, on **August 8, 2026**.

3.    The government shall return all personal belongings confiscated from Calero Paredes upon his detention, including identification documents.

4.    The government is temporarily enjoined from re-detaining Calero Paredes for seven days following his release from custody.

5.     If the government pursues re-detention of Calero Paredes, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.     The government shall not remove, transfer, or otherwise facilitate the removal of Calero Paredes from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.     If the immigration judge determines Calero Paredes is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Calero Paredes if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Calero Paredes, a citizen of Ecuador, entered the United States at the U.S.-Mexico border in May 2022. *See* Verified Pet. for Writ of Habeas Corpus ["Pet."] ¶ 1, ECF No. 1.  Upon entry, the Department of Homeland Security ("DHS") detained and processed him, placed him in removal proceedings, and released him to live in Pennsylvania with his family.  *Id.* ¶ 19.  He has since resided in Pennsylvania, where he supports his daughter and other family members.  *Id.* ¶ 20.  He has applied for asylum and employment authorization, and has complied with all conditions of his release and removal proceedings.  *Id.* ¶ 21.  The government has indicated he has no known criminal history. *See* Respondents' Resp. to Pet. for Writ of Habeas Corpus ["Resp."] 2, ECF No. 4.

On or about August 4, 2026, while attending a scheduled check-in with DHS officials, Calero Paredes was taken into custody with no prior notice or opportunity to contest his detention.  Pet. ¶ 22.  DHS has since detained him at the Philadelphia Federal Detention Center.  *Id.* ¶ 23.  The government has denied him the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. *See id.* ¶ 65. It contends detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See* Resp. 1–2.

Section 1225(b)(2) does not apply to individuals like Calero Paredes, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Calero Paredes is 8 U.S.C. § 1226(a).  That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d). We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.

2